IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darian Antonio Coleman, #334551, | C/A No. 8:14-2513-DCN-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Officer Frazier; Sgt. Mack or Macky; Lt. Ellen Inabinet; Nurse Spalden; Nurse Alicia Thompson; Officer Smoke; Warden John Pate; Major Worrock, | |
| Defendants. | |

## Background

Darian Antonio Coleman ("Plaintiff"), a South Carolina Department of Corrections ("SCDC") prisoner, filed this is a civil action when he was incarcerated at Allendale Correctional Institution. [Doc. 1.] Liberally construed, the relief Plaintiff seeks is a possible transfer to another prison to avoid the infliction of more harm upon him by Defendants. [*Id.*] Although a party filing a civil action in this Court is required to either pay the full filing fee pursuant to 28 U.S.C. § 1914 or request leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915, Plaintiff has done neither. By Order dated July 2, 2014 [doc. 6], and by July 15, 2014, Order [doc. 10] granting the motion for extension of time [doc. 8], Plaintiff was given until September 2, 2014, in which to bring this case into proper form. Plaintiff did not submit any of the documents required by this Court's July 2, 2014, Order, including a motion for leave to proceed *in forma pauperis* or pay the filing fee, and this case is not in proper form.[1]

---

[1] On July 16, 2014, Plaintiff filed a notice of change of address. [Doc. 12.] The Clerk of Court then mailed the Order granting the motion for extension of time to Plaintiff at his new address.

On September 8, 2014, Plaintiff filed a motion to stay this action. [Doc. 14.] He contends that he filed a prison administrative grievance, which is pending with the Division of Investigations at SCDC headquarters, and he requests that this lawsuit be stayed until the state remedies have been exhausted. [*Id*. at 1.] He further contends that because he was transferred away from Allendale Correctional Institution he can no longer pursue injunctive relief. [*Id*.]

## Discussion

This action should be dismissed, and the motion to stay should be denied, for several reasons. First, Plaintiff was given an opportunity until September 2, 2014, to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. [Doc. 6.] Plaintiff was warned that failure to provide the necessary information within the timetable set in the Order may subject the case to dismissal for failure to prosecute and failure to comply with an order of this Court. [*Id*.] Despite being given an extension of time to submit the necessary information and paperwork, Plaintiff did not comply with the July 2, 2014, Order, and the time for response has lapsed. Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court. Thus, this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962).

Moreover, this Court should not stay this action while Plaintiff completes exhaustion of the prison grievance administrative process. It is well settled that a prisoner must exhaust administrative remedies before filing a § 1983 claim concerning the prison condition, and a "prisoner does not comply with the mandatory exhaustion requirements

2

by exhausting his remedies during the course of litigation." *Peoples v. Burtt*, C/A No. 8:07-27020CMC-BHH, 2008 WL 2315865, at * 2–4 (D.S.C. May 30, 2008).

Additionally, this case is subject to dismissal because it is moot. In the Complaint, Plaintiff seems to request a possible transfer to another prison to avoid the infliction of more harm upon him by Defendants. He states that he has now been transferred to another SCDC prison, and he seems to admit that he can no longer pursue injunctive relief against Defendants. Thus, his claim for injunctive relief is moot. *Williams v. Ozmint*, 716 F.3d 801, 808–10 (4th Cir. 2013) (explaining that a case may become moot when a plaintiff receives the relief sought in his claim), *cert. denied*, 134 S. Ct. 1294 (2014).

### Recommendation

It is recommended that the motion to stay be denied and this action dismissed without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

September 10, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).